GLASCOCK COUNTY *et al. v.* STURGIS *et al.* ·
SAMMONS, commissioner, *et al. v.* PEEBLES.

ATKINSON, J. These two cases, based upon applications for injunction, involved the same controlling question, and by consent were consolidated and tried together. The trial was in pursuance of rules issued by the judge at the time the petitions were presented, requiring the defendants to show cause at a designated time and place in vacation why a temporary injunction should not be granted as prayed. After the cases had been continued for a number of times they were heard. Evidence was introduced for both sides, and the cases were argued by the attorneys for the respective parties. The judge took the cases under advisement, and subsequently rendered separate decisions enjoining the defendants as prayed, until the further order of the court. In subsequent orders the judgments were enlarged by making the injunctions permanent. The defendants excepted in separate bills of exceptions. *Held,* that under the pleadings and the evidence the judge was authorized to grant a temporary injunction in each case. As the hearing was upon applications for preliminary injunctions, the judge was not authorized to make the injunctions permanent. Under these circumstances the judgments will be affirmed, with direction that the orders be so modified as to make them the grant of temporary injunctions, thereby preserving the status.

*Judgments affirmed, with direction. All the Justices concur.*
Nos. 1939, 1940. OCTOBER 13, 1920.

Injunctions. Before Judge Hammond. Glascock superior court. January 20, 1920.

Citizens of Gibson, Glascock County, brought petitions against that county and Sammons, its commissioner of roads and revenues, to prevent the consummation of an advertised purpose to sell two acres of land in Gibson, called the public square, whereon stood the county court-house until a few years ago, when a new

court-house was built at a different place in the town and the old building removed. The plaintiffs showed that the public square was dedicated, many years before, by the inferior court of the county to the citizens of the town and county, as in the nature of a public park; and set up several things indicating acceptance of the dedication. On behalf of the defendants it was denied that the land was ever so dedicated; and it was asserted that the commissioner had the right to sell it as unserviceable property of the county. The court's syllabus (supra) states the other material facts.

*E. B. Rogers* and *Holden, Jennings & Holden,* for plaintiffs in error.

*E. P. Davis* and *Isaac S. Peebles Jr.,* contra.